IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



KENNETH BELL,                               §
TDCJ-CID No. 00539021,                      §
                                            §
        Plaintiff,                          §
                                            §
v.                                          §        2:19-CV-080-Z-BR
                                            §
KENDALL RICHARDSON,                         §
                                            §
        Defendant.                          §

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Bell, acting *pro se* and while incarcerated in the Texas Department of

Criminal Justice ("TDCJ"), Correctional Institutions Division, filed this suit under 42 U.S.C.

§ 1983, and has been granted permission to proceed *in forma pauperis*. Having considered the

pleadings and relevant law, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges Defendant Richardson is responsible for lost property and commissary

purchased at another TDCJ unit prior to his incarceration at the TDCJ Bill Clements Unit. *See* ECF

No. 3 at 4. Plaintiff alleges that on June 20, 2018, his property and commissary were confiscated

when he was placed in high security confinement. *Id.* Plaintiff contends Warden Richardson closed

his grievances without returning his property or resolving the issue to Plaintiff's satisfaction. *Id.*

### LEGAL ANALYSIS

When a prisoner confined in any jail, prison, or other correctional facility brings an action

with respect to prison conditions under any federal law, the court may evaluate the complaint and

dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Plaintiff alleges Defendant Richardson allege is a TDCJ supervisor that failed to adequately investigate and resolve Plaintiff's complaints and grievances. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the Court **DISMISSES** Plaintiff's claims against Defendant Richardson for failure to state a constitutional claim.

Additionally, Plaintiff's claims against Defendant Richardson are based entirely on supervisory liability. In a Section 1983 suit, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Roberts v. City*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

*of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). However, a supervisory official may be held liable under Section 1983 if he: (1) affirmatively participates in the acts that caused the constitutional deprivations alleged; or (2) implements unconstitutional policies that causally result in the constitutional injury alleged. *See Gates v. Tex. Dep't of Prot. & Regulator Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

To establish supervisory liability for constitutional violations committed by subordinates, a plaintiff must show the supervisor acted or failed to act "with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates*, 537 F.3d at 435). Supervisory actions that are merely inept, erroneous, or negligent do not amount to deliberate indifference. *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). Plaintiff makes no allegation against Defendant Richardson concerning training or policies. Nor does Plaintiff allege any facts to support a claim of deliberate indifference. Plaintiff elected to sue Defendant Richardson alone; Plaintiff named no other defendant in this action. The Court **DISMISSES** Plaintiff's claims against Defendant Richardson to the extent the claims allege Defendant Richardson is responsible for the property lost by his subordinates.

3

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42

U.S.C. § 1997e(a), the Court **DISMISSES** Plaintiff's Complaint brought under 42 U.S.C. § 1983

**WITH PREJUDICE** as frivolous.

**SO ORDERED**.

June __7__, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4